UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 95-1943
(CA-91-1864-L)

Dinah Lynch,

Plaintiff - Appellant,

versus

Stanley Decker, et al,

Defendants - Appellees.

O R D E R

The Court amends its opinion filed June 4, 1996, as follows:

On the cover sheet, section 4 -- the cover is corrected to show the decided date:  "June 4, 1996."

For the Court - By Direction

/s/ Bert M. Montague

Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 95-1943**

———————————

DINAH LYNCH,

Plaintiff - Appellant,

versus

STANLEY DECKER; NATIONAL RAILROAD PASSENGER
CORPORATION ("Amtrak"),

Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-91-
1864-L)

———————————

Argued: May 7, 1996               Decided: June 4, 1996

———————————

Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED:** James Michael Farrell, Philadelphia, Pennsylvania, for
Appellant. Ransom J. Davis, DANEKER, MCINTIRE & DAVIS, P.C.,
Baltimore, Maryland, for Appellees. **ON BRIEF:** Jeffrey P. Buhrman,
DANEKER, MCINTIRE & DAVIS, P.C., Baltimore, Maryland, for
Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dinah Lynch, an employee of National Railroad Passenger Corporation ("Amtrak"), sued Amtrak both under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq., and common law for negligence in failing to take reasonable precautions to prevent an assault on her by a fellow employee, Stanley Decker. Decker, who was obsessed with Lynch, broke into her house on April 17, 1991, and attempted to murder her with a pistol. Decker had previously harassed Lynch, and a court had placed him on probation, ordering him, under threat of incarceration, to refrain from any further contact with Lynch. Also, Amtrak had previously assigned Decker and Lynch to different train routes and had warned Decker to stay away from Lynch. Following the April 17 assault, Decker was judged criminally insane.

The district court granted Amtrak's motion for summary judgment, concluding that there was no reasonable step that Amtrak could have taken to have prevented the assault, nor was it foreseeable. The assault occurred off company property and outside of business hours, and there had been no incidents for the previous six months.

We have considered carefully the record made on the motion for summary judgment and the arguments of counsel. For the reasons given by the district court in its thorough opinion, see Lynch v. Decker, Civil Action No. L-91-1864 (D. Md. Aug. 16, 1994), we affirm.

AFFIRMED

4